[Cite as *Dimitriou v. Dimitriou*, 2014-Ohio-3189.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| JENNIFER DIMITRIOU, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-05-045 |
| | : | O P I N I O N |
| - vs - | | 7/21/2014 |
| | : | |
| DAVID DIMITRIOU, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 07 DR 30923


Jennifer Dimitriou, 3734 Wilmington Road, Lebanon, Ohio 45036, plaintiff-appellee, pro se

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee, Warren County Child Support Enforcement Agency

David Dimitriou, 1937 Heritage Run Drive, Lebanon, Ohio 45036, defendant-appellant, pro se


**PIPER, J.**

{¶ 1} Defendant-appellant, David Dimitriou (Father), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, finding him in contempt for failing to pay spousal and child support as ordered.

{¶ 2} This case has previously been before this court on the issue of whether Father

is in contempt for failing to pay support as ordered by the court. *Dimitriou v. Dimitriou*, 12th Dist. Warren No. CA2011-11-119, 2012-Ohio-4773. In the first case, we considered that Father had been ordered by the trial court to pay $1,500 per month in spousal support and $608.90 per month in child support. After processing fees, Father's combined support order was $2,151.08 per month. Father failed to consistently pay his monthly support obligations, and the trial court held Father in contempt after holding a hearing on the matter. The court sentenced Father to 73 days in the Warren County Jail for his failure to pay his support obligations. The court then suspended the sentence on the condition that Father pay at least $1,200 per month toward his support obligation. While Father paid partial amounts for some months, he did not pay the full amount owed each month. Plaintiff-appellee, Jennifer Dimitriou (Mother), filed additional contempt motions.

{¶ 3} A magistrate held a contempt hearing on Mother's motions, and Father asked to present evidence that he was unable to pay the full $1,200 as ordered. Father asked the magistrate to continue the hearing so that he could call a witness familiar with his financial state to testify to his inability to pay the support orders. The magistrate denied Father's request, and did not accept any evidence in regard to Father's inability to pay. The magistrate, sua sponte, found Father underemployed without accepting evidence on that issue, and found Father in contempt for failing to pay his support obligation. The magistrate recommended that Father serve an additional 30 days to the previously-suspended 73-day sentence. However, Father was given the opportunity to purge the 103-day sentence by timely and fully paying his support obligations and contributing $1,500 toward his outstanding support arrearages on or before November 18, 2011. Father filed objections to the magistrate's decision, which were overruled by the trial court. Father then appealed the trial court's decision to this court.

{¶ 4} This court reversed and remanded the trial court's order, finding that the

magistrate should not have sua sponte considered whether Father was underemployed without first taking evidence on the issue, and should have considered whether Father had the ability to pay before finding him in contempt. On remand, the magistrate held a second hearing. During that hearing, the magistrate heard evidence concerning Father's inability to pay, as well as his financial situation as a whole. After the hearing, the magistrate found Father in contempt for failing to pay, and held that Father's inability to pay defense was not well founded. Father filed very general objections to the magistrate's decision, which the trial court overruled.

{¶ 5} Father now appeals his contempt finding, challenging the trial court's decision. While Father did not assert an assignment of error, nor did he properly conform to the local rules regarding valid briefs, we will nonetheless consider Father's argument that the trial court erred by abusing its discretion in finding him in contempt.

{¶ 6} As we stated in Father's first appeal, Father was found to be in civil contempt for his failure to pay his support obligations. "The distinction between civil and criminal contempt depends upon the character and purpose of the sanctions imposed." *Mackowiak v. Mackowiak*, 12th Dist. Fayette No. CA2010-04-009, 2011-Ohio-3013, ¶ 38. Where the sanctions imposed are primarily for reasons benefiting the complainant and are remedial and coercive in nature, the contempt is civil in nature. *Id.* at ¶ 39. "Prison sentences imposed as punishment for civil contempt are conditional, and the contemnor is said to carry the keys of his prison in his own pocket due to the fact that his compliance with the court order secures his freedom." *Whittington v. Whittington*, 12th Dist. Warren No. CA2011-06-065, 2012-Ohio-1682, ¶ 23.

{¶ 7} A trial court's finding of civil contempt will not be disturbed on appeal absent an abuse of discretion. *Mackowiak* at ¶ 45. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably,

arbitrarily, or unconscionably. *Miller v. Miller*, 12th Dist. Butler No. CA2001-06-138, 2002-Ohio-3870, ¶ 8.

{¶ 8} "Any party who has a legal claim to any support ordered for a child, spouse, or former spouse may initiate a contempt action for failure to pay the support." R.C. 2705.031(B)(1). "In a civil contempt proceeding for failure to pay court-ordered * * * support, the moving party must prove by clear and convincing evidence that the obligor violated the court order." *Dressler v. Dressler*, 12th Dist. Warren Nos. CA2002-08-085, CA2002-11-128, 2003-Ohio-5115, ¶ 14. Once the moving party has established the obligor's failure to pay the support obligation as ordered, the obligor then bears the burden of alleging and proving his inability to comply with the court's order. *Id.* at ¶ 14. The inability to pay the support obligation is a valid defense in a contempt proceeding. *Bean v. Bean*, 14 Ohio App.3d 358, 363 (12th Dist.1983).

{¶ 9} During the hearing, Father presented testimony from a tax attorney who had represented Father in a dispute with the Internal Revenue Service (IRS). As part of the representation, Father provided six months' worth of bank statements, utility bills, rental payments, support obligations, and other monthly bills. Father also submitted information regarding his earnings from his construction business, including his gross earnings and his expenses. Working with the IRS, the attorney was able to demonstrate that Father earned "significantly below the county average." The attorney testified that Father's reported annual earnings of $23,000 would not be enough to pay his monthly support order.

{¶ 10} Father then testified, and stated that he included all of his income on his tax returns, and had been open with his finances during the settlement negotiations with the IRS. Father confirmed during his testimony that he earned "twenty something thousand dollars a year," and that often times he borrowed money from family members to meet his monthly obligations. Father then testified that he is unable to meet the support order, and that he can

- 4 -

no longer borrow money from anyone. However, Father did not present any testimony or evidence as to why he could not obtain additional or other employment to increase the likelihood of paying the support as ordered.

{¶ 11} Based on the hearing testimony and evidence presented, the magistrate found Father in contempt because Father's inability to pay defense was not well-founded. We find no abuse of discretion in this decision.

{¶ 12} The record shows by clear and convincing evidence that Father had orders to pay support of $2,151.08 per month, and that such amount was later reduced to $1,200 per month. Father knew of the orders and failed to pay them. Father has been in the construction industry for many years. Father submitted proof of his income from the last three years, which indicated that he made $23,376 one year, $17,522 the next, and $24,001 the year after. Despite not having the ability to support his three children and ex-wife as ordered, Father never looked for other work and did not present any evidence that he applied for any other jobs. Nor did Father present any evidence that he was unable to obtain other work.

{¶ 13} As stated by the trial court, "Father does not have the luxury of continuing to work in a business that is clearly insufficient to support his family." The court found that Father is healthy, has the ability to work at least 40 hours a week, and that Father is well-aware of his obligations to his ex-wife and children. The magistrate's findings are all supported by the record, and did not constitute an abuse of discretion. Other than showing his lack of sufficient funds, Father did not present any evidence that he is not able to find additional or different sources of income if he chose to do so in order to pay the orders.

{¶ 14} While Father asserts that the trial court's findings were sua sponte, devoid of any factual basis, and were an impermissible comment on underemployment, we disagree. The trial court's findings regarding Father's salary and ability to work were not specific to a

finding of underemployment as if the trial court was imputing income to Father. Instead, the trial court's findings were specific to whether Father had the ability to pay his obligations. Unlike the previous hearing, the trial court specifically heard testimony regarding Father's ability to pay, and each of the court's findings was supported by the record. As such, Father has failed to carry his burden to prove that he does not have the ability to pay.

{¶ 15} Father's claim that the court abused its discretion by finding him in contempt is without merit, and is hereby overruled.

{¶ 16} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.